IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAEANN KNERR MAJOY,            )
                               )
            Plaintiff,         )
                               )
       vs.                     )   Civil Action No. 15-1106
                               )
                               )
CAROLYN W. COLVIN,             )
ACTING COMMISSIONER            )
OF SOCIAL SECURITY,            )
                               )
            Defendant.         )

O R D E R

AND NOW, this 26th day of September, 2016, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12), filed in the above-captioned matter on January 11, 2016,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10), filed in the above-captioned matter on December 10, 2015,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I.   **Background**

On March 12, 2013, Plaintiff Raeann Knerr Majoy protectively filed a claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and a claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that she became disabled on October 1, 2011, due to fibromyalgia, arthritis, high cholesterol, and migraines. (R. 255).

After being denied initially on May 15, 2013, Plaintiff sought, and obtained, a hearing on March 13, 2014, before an Administrative Law Judge ("ALJ"). (R. 22-50). In a decision dated May 6, 2014, the ALJ denied Plaintiff's request for benefits. (R. 8-21). The Appeals Council declined to review the ALJ's decision on June 26, 2015. (R. 1-5). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v.

Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence— particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).

3

"An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(e), 416.920(e), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. <u>The ALJ's Decision</u>

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since October 1, 2011. (R. 13). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had certain severe impairments, specifically, lumbar degenerative disc disease with bilateral lower extremity radiculopathy, lumbar spinal stenosis, migraine headaches, fibromyalgia and anxiety. (R. 13). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 14-16).

The ALJ next found that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she is limited to only occasional climbing of ladders, ropes or scaffolds; is limited to only occasional kneeling and crawling; and is limited to simple, routine, repetitive tasks with only occasional interaction with the public, supervisors, and co-workers. (R. 16). At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work, so she moved on to Step Five. (R. 20). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as table worker, electronic assembler, and addresser mailer. (R. 20-21, 48). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 21).

### IV. <u>Legal Analysis</u>

Plaintiff raises several arguments as to why she believes that the ALJ erred in formulating her RFC and in finding her to be not disabled. Although the Court need not reach each of these arguments, it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ mischaracterized Plaintiff's reported activities of daily living as set forth in the

5

progress notes of rheumatologist Veronica K. Newsome, D.O., upon which the ALJ relied in formulating Plaintiff's RFC, the Court cannot find that Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. §§ 404.1545(a), 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

In formulating Plaintiff's RFC, the ALJ determined that, after considering all of the evidence, Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" for the reasons he explained in his decision. (R. 17). Among the evidence cited to support his credibility finding, the ALJ repeatedly referred to a range of tasks that Plaintiff reportedly could perform, as supposedly set forth in the treatment notes of Dr. Newsome. (R. 17, 18, 19). Specifically, the ALJ explained

6

that "Dr. Newsome reported in January 2014 that the claimant could perform a wide variety of tasks **with some to no difficulty** such as: dressing self, fastening buttons, getting in/out of bed, lifting a cup or glass, wash and dry entire body, turn [faucets] on/off, get in/out of car." (R. 17, citing Ex. 12F (emphasis added)). The ALJ found that Dr. Newsome's progress notes "do not support the level and extent of alleged back symptoms." (R. 17). The ALJ further concluded that such "activities are not consistent with an individual who is experiencing disabling symptoms." (R. 19).

Plaintiff argues, however, that the ALJ mischaracterized the activities Plaintiff was allegedly able to perform as set forth in Dr. Newsome's treatment notes, and the Court agrees with this argument. Upon review of the record, the Court notes that, as a new patient on October 24, 2013, Plaintiff indicated she had some to no difficulty with these specific tasks (except for turning faucets on and off, which she reported doing "with much difficulty"). (R. 474, Ex. 12F). By Plaintiff's follow-up visit on February 27, 2014, however, Plaintiff actually reported having **"some difficulty" or "much difficulty"** completing these tasks. (R. 510-11, Ex. 15F (emphasis added)). Accordingly, the ALJ's reference to the "wide" range of activities Plaintiff was able to perform in January, 2014, according to Dr. Newsome—which he mentions three times in discussing Plaintiff's credibility and activities of daily living—is simply not supported by the record. Therefore, the ALJ's characterization of Plaintiff's activities as set forth in his decision, upon which he relied in evaluating Plaintiff's credibility, was clearly erroneous.

Thus, in this case, because the ALJ mischaracterized the evidence upon which he relied in determining Plaintiff's ability to perform activities of daily living and in assessing her overall credibility, his formulation of Plaintiff's RFC is not supported by substantial evidence. Remand

7

is therefore required to allow for further discussion as to the ALJ's evaluation of Plaintiff's activities of daily living and his assessment of Plaintiff's credibility.

Additionally, although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.

## V.    Conclusion

In short, because the ALJ mischaracterized certain evidence in the record—evidence upon which he clearly relied in determining Plaintiff's RFC—the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf:      Counsel of record